IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ACCELERATED ANALYTICS, LLC. | ) | CASE NO. _____ |
| 1618 145th Street E | ) | |
| Bradenton, FL 34212 | ) | JUDGE _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES COPRORATION | ) | |
| c/o CT Corporation System, *statutory agent* | ) | **JURY DEMAND ENDORSED HEREON** |
| 1300 E. 9th Street, Cleveland, OH 44114 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff, Accelerated Analytics, LLC ("Accelerated Analytics"), and for its

Complaint against Defendant, International Business Machines Corporation ("IBM") states as

follows:

**JURISDICTION AND VENUE**

1.      This is an action seeking preliminary and permanent injunction relief and an

accounting for trademark infringement under 15 U.S.C. §1114(1) and/or false designation of

origin under 15 U.S.C. §1125(a).

2.      This Court has subject matter jurisdiction under 28 U.S.C. §1331, 1338, and 15

U.S.C. §1121.

3.      This Court has personal jurisdiction over IBM pursuant to Ohio's long-arm statute

and Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.  Upon information and belief, IBM

1

has engaged in substantial, continuous, and systematic activities within Ohio, including without limitation, the solicitation and processing of sales from Ohio residents through its interactive website, its employees, and its agents, and its delivery of goods to Ohio residents. Further, Accelerated Analytics claims arise out of and relate to the contacts that IBM and/or its agents have had with Ohio, among other places. Therefore, IBM has purposefully availed itself of the privilege of conducting business within Ohio and the exercise of jurisdiction over IBM is reasonable.

4.     Venue is proper in this Court under 28 U.S.C. §1391(b)(1), (b)(2) and (c)(2).

**THE PARTIES**

5.     Accelerated Analytics is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 2025 Lakewood Ranch Blvd, Suite 201, Bradenton, Florida, and is licensed to transact business in the state of Ohio.

6.     Accelerated Analytics is engaged in the sale of consultation services with respect to data warehousing assessment, data warehouse engineering, point of sale data analysis and merchandising assistance.

7.     Accelerated Analytics is the owner of U.S. Registration No. 3,523,285 for the service mark "ACCELERATED ANALYTICS" as used in connection with its sale of consultation services for data compiling and analyzing in the field of retail sales, stating a date of first use in interstate commerce of July 31, 2006. (See Exhibit 1).

8.     Accelerated Analytics obtained ownership of the trademark through a merger with Symens Consulting, Inc., an Ohio corporation. Accelerated Analytics, as the owner of the trademark and by virtue of the merger with Symens, has continually used the trademark "ACCELERATED ANALYTICS" for the services stated in the registration since July 31, 2006.

2

9.      On February 27, 2014, the United States Patent and Trademark Office rendered its acknowledgement of incontestability of the trademark pursuant to Section 15 of the Trademark Act, 15 U.S.C. §1065.  (See Exhibit 2).

10.     Upon information and belief, Defendant IBM is a corporation organized and existing under the laws of the state of New York, having its principal place of business at 1 North Castle Dr. Armonk, NY 10504, and is licensed to transact business in the State of Ohio.

11.     Upon information and belief, IBM is engaged in, among other things, the sale of consultation services with respect to data warehousing and enterprise analytics, including data compiling and analyzing in multiple business areas, including commerce and retail.

12.     Upon information and belief, IBM is using the mark "ACCELERATED ANALYTICS" in connection with marketing its business consulting services and software.  For example, IBM is using the mark "Accelerated Analytics" in a marketing paper published on the on its web page entitled "*Accelerated analytics – faster aggregations using the DB2 for I encoded vector index (EVI) technology*".  (https://www.ibm.com/developerworks/ibmi/library/i-accelerated-analytics-db2-evi-tech/) (See Exhibit 3).   IBM also "introduced" its "Accelerated Analytics Enablement," which it identifies as, "a concept where Smarter Analytics coupled with well-crafted advanced data visualization can enable the enterprise to easily monitor business, find patterns and take actions." (See Exhibit 4).

13.     IBM's use of the mark 'ACCELERATED ANALYTICS" is without the consent of Accelerated Analytics.  Accelerated Analytics placed IBM on notice of the infringement. IBM has refused to cease its infringement.

3

### COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114(1)

14.    Accelerated Analytics repeats its allegations set forth in paragraphs 1 through 13 as if fully rewritten.

15.    Upon information and belief, IBM's use of the mark "ACCELERATED ANALYTICS" in commerce, in this judicial district, and elsewhere. in the sale, offering for sale and advertising of its consultation services, without the consent of Accelerated Analytics, is likely to cause confusion, cause mistake, or to deceive in violation of 15 U.S.C. §1114(1), to the damage of Accelerated Analytics.

16.    Upon information and belief, unless enjoined by this Court, IBM will continue to use the mark "ACCELERATED ANALYTICS" and Accelerated Analytics will continue to be greatly and irreparably damaged.

17.    Accelerated Analytics is without an adequate remedy at law.

18.    Upon information and belief, the use by IBM of the federally registered mark "ACCELERATED ANALYTICS" is being undertaken by IBM with the knowledge of Accelerated Analytics' ownership, federal registration, and prior use of the mark.

### COUNT II – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

19.    Accelerated Analytics repeats its allegations set forth in paragraphs 1 through 18 as if fully rewritten.

20.    Upon information and belief, IBM's promotion and sale of its consultation services through use of the mark "ACCELERATED ANALYTICS" in this judicial district and elsewhere, without the consent of Accelerated Analytics, in connection with substantially similar services, offered in substantially similar channels of trade, and to the same purchasers of the services for which Accelerated Analytics uses its "ACCELERATED ANALYTICS" mark, is

4

likely to cause confusion, mistake, or to deceive as to an affiliation, connection, or association of

IBM with Accelerated Analytics, or as to the origin, sponsorship or approval of IBM's services

by Accelerated Analytics among ordinary purchasers, in violation of 15 U.S.C. §1125(a), to

Accelerated Analytics' great and irreparable damage.

21.     Upon information and belief, unless enjoined by this Court, Accelerated Analytics

will continue to be irreparably damaged by IBM's use of the mark "ACCELERATED

ANALYTICS."

22.     Accelerated Analytics is without an adequate remedy at law.

23.     Upon information and belief, the use by IBM of Accelerated Analytics'

"ACCELERATED ANALYTICS" mark is with the knowledge of Accelerated Analytics' rights

in and to the mark "ACCELERATED ANALYTICS."

WHEREFORE, Accelerated Analytics seeks:

A.     A finding that IBM has infringed the trademark rights of Accelerated Analytics in

violation of 15 U.S.C. §1114(1);

B.     A finding that by using Accelerated Analytics' "ACCELERATED ANALYTICS"

mark, IBM has and is using a false designation of original or false or misleading description of

fact or  misleading representation of fact in violation of 15 U.S.C. §1125(a)(1);

C.     Preliminary injunctive relief during the pendency of this action enjoining and

restraining IBM, its principals, subsidiaries, agents and employees, from the acts and conduct set

forth above;

D.     Permanent injunction relief enjoining IBM from using Accelerated Analytics'

"ACCELEREATED ANALYATICS" mark, or anything confusingly similar thereto, in

connection with the promotion or sale of consultation services, including but not exclusively,

using Accelerated Analytics' "ACCELEREATED ANALYATICS" mark, or anything confusingly similar thereto, as a megatag to promote sales on its website, and/or otherwise engaging in acts or conduct that is likely to cause confusion, to cause mistake or to deceive the purchasing public as to the origin or sponsorship or approval of IBM's consultation services or an association, affiliation, or other relationship between IBM and Accelerated Analytics;

E.      Delivery by IBM to Accelerated Analytics of all advertising materials bearing the "ACCELEREATED ANALYATICS" mark for destruction pursuant to 15 U.S.C. §1118;

F.      An accounting of all profits from IBM's sales of consultation services in connection with which it used the "ACCELEREATED ANALYATICS" mark;

G.      Actual damages;

H.      A finding that the actions of IBM were willful and/or in bad faith infringing Accelerated Analytics' rights;

I.      Treble damages;

J.      A finding that this is an exceptional case under 15 U.S.C. §1117(a) and an award of reasonable attorney fees;

K.      Costs; and

L.      Such other and further relief as to which this Court may find Accelerated Analytics entitled under the law or in equity.

## JURY DEMAND

Accelerated Analytics demands a jury as to those issues raised herein to which a jury may

be had as a matter of law.

Respectfully submitted,


/s/ Kristen S. Moore
Hamilton DeSaussure Jr. (0023516)
Blake Gerney (0065742)
Kristen Moore (0084050)
DAY KETTERER LTD.
5 East Main Street
Hudson, Ohio 44236
Telephone (330) 650-6608
Facsimile (330) 650-1185
E-Mail hdesaussure@day-ketterer.com
        brgerney@day-ketterer.com
        kmoore@day-ketterer.com
*Attorneys for Plaintiff*


\\fileserver\clients\23132 - symens\4\pleadings\complaint.doc[3/3/15:jmw]