UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Accelerated Analytics, LLC, | ) | |
| | ) | CASE NO.1:15 CV 401 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| International Business Machines Corporation | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant International Business Machines Corporation's (IBM) Motion to Dismiss. (ECF #9). Plaintiff, Accelerated Analytics, LLC, opposes the motion and asserts it has properly stated a claim for trademark infringement and false designation of origin on which relief can be granted. (ECF #11). For the reasons set forth herein, Defendant's Motion to Dismiss (ECF #9) is DENIED. Depending on the state of the evidence at the close of discovery, the issues in this case may be more appropriately decided in a Motion for Summary Judgment.

### STANDARD OF REVIEW

In evaluating a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual

allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see also Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974. Conclusory allegations, or legal conclusions asserted in lieu of factual allegations are not sufficient. *Bishop v. Lucent Tech, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided. In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of

factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Accelerated Analytics is a limited liability company engaged in the sale of consultation services with respect to data warehousing assessment, data warehouse engineering, point of sale data analysis, and merchandising assistance. (ECF #1, ¶ 5-6)[1]. Plaintiff has owned the trademark "Accelerated Analytics" as used in connection with its sale of consultation services for data compiling and analyzing in the field of retail sales since July 31, 2006. (ECF #1, ¶ 7). The trademark was acknowledged as incontestable pursuant to 15 U.S.C. § 1065 by the United States Patent and Trademark Office on February 27, 2014. (ECF #1, ¶ 9). Defendant IBM is a corporation engaged in the sale of consultation services with respect to data warehousing and enterprise analytics as well, including data compiling and analyzing in multiple business areas, including commerce and retail. (ECF #1, ¶ 10-11). "Accelerated Analytics" appears in a marketing paper published on Defendant's web page entitled "Accelerated analytics – faster aggregations using the DB2 for I encoded vector index (EVI) technology," both in the title of the marketing paper and the URL. (ECF #1, ¶ 12). In a white paper on its Oracle BI and Tableau products, IBM "introduce[s] *Accelerated Analytics Enablement*." (ECF #1-4, Page ID #36).

Plaintiff filed this lawsuit on March 3, 2015, seeking preliminary and permanent injunctive relief and an accounting for trademark infringement under 15 U.S.C. § 1114(1) and/or false designation of origin under 15 U.S.C. § 1125(a). (ECF #1). Defendant filed its Motion to Dismiss

---

[1] For the purposes of this Motion, the Court accepts as true the facts as set out in Plaintiff's Complaint, including the Exhibits attached to the Complaint. (ECF #1, #1-1, #1-2, #1-3, #1-4).

currently before the court on April 27, 2015, claiming that Plaintiff failed to adequately allege the required elements of a *prima facie* case under the Lanham Act for its claims of trademark infringement and false designation of origin, and that the allegations set forth in the Complaint establish Defendant is making fair use of the phrase "accelerated analytics" as a matter of law. (ECF #9). Plaintiff replied in Opposition to Motion to Dismiss on May 27, 2015, asserting that Plaintiff had stated a *prima facie* case of trademark infringement and false designation of origin under the Lanham Act, and that IBM was not engaging in fair use. (ECF #11). Defendant filed a Reply Memorandum in Support of Motion to Dismiss on June 8, 2015. (ECF #14)

## LAW AND ANALYSIS

The Lanham Trademark Act of 1946 regulates and protects trademarks in a fashion responsive to the needs of commerce in longstanding contrast to restrictive, hypertechnical trademark laws of many other countries. *The Lanham Trademark Act at Fifty - Some History and Comment*, 86 Trademark Rep. 442 (1996). The purpose of the Lanham Act is to

> regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations.

15 U.S.C. § 1127 (West). Plaintiff has brought claims under the Lanham Act for trademark infringement and false designation of origin, pursuant to 15 U.S.C. §§ 1114(1) and 1125(a), respectively.

4

## I. Trademark Infringement

Under the Lanham Act, one is liable for trademark infringement when, without consent of the trademark owner, one "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."15 U.S.C. § 1114(1)(a) (West). The elements set forth in this statute are that (1) the plaintiff is an owner of a registered mark, (2) the defendant uses in the mark in commerce, and (3) the use is likely to cause confusion. The parties do not dispute that (1) Plaintiff is the owner of the registered trademark "Accelerated Analytics." However, Defendant argues that Plaintiff has failed to allege elements (2), that Defendant uses the mark in commerce, and (3), that the use is likely to cause confusion.

As defined by the Lanham Act, "use in commerce" is established when, regarding goods, if "it is placed in any manner on the goods...or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and, the goods are sold or transported in commerce," and, regarding services, "when it is used or displayed in the sale or advertising of services and the services are rendered in commerce...." 15 U.S.C. § 1127. As per these definitions, "The line dividing use of a word or symbol in its trademark and non-trademark senses is determined, in significant part, by whether it is used in connection with goods or services." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 635, 649 (E.D. Mich. 2001). Plaintiff's Complaint incorporates as Exhibits 3 and 4 instances of Defendant using the mark "Accelerated Analytics" in the title of an article informing consumers on IBM D-2 software, as well as in the introduction of *"Accelerated Analytics Enablement"* in a White Paper on Oracle

5

BI and Tableau software. (emphasis in original) (ECF #1-3, #1-4). Upon incorporation of these exhibits, Plaintiff alleges that IBM uses the mark "Accelerated Analytics" in commerce in the sale, offering for sale, and advertising of its consultation services, thereby alleging (2) Defendant's use of the mark in commerce in a way that is (3) likely to cause confusion. (ECF #1, ¶ 15).

The (3) likelihood of confusion to occur as a result of Defendant's use, alleged in paragraph 15 of the Complaint relates insofar as,

> "[t]here is no such thing as property in a trademark except as a right appurtenant to an established business or trade in connection with which the mark is employed." *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97 (1918). Thus, whether alleging infringement of a registered trademark, pursuant to 15 U.S.C. § 1114(1), or infringement of an unregistered trademark, pursuant to 15 U.S.C. § 1125(a)(1), it is clear that a plaintiff must show that it has actually used the designation at issue as a trademark, and that the defendant has also used the same or a similar designation as a trademark....In other words, the plaintiff must establish a likelihood that the defendant's designation will be confused with the plaintiff's trademark, such that consumers are mistakenly led to believe that the defendant's goods are produced or sponsored by the plaintiff.

*Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 54 (6th Cir. 1998) (citations omitted). Defendant has not fully addressed the likelihood of confusion element, deeming it irrelevant because of Defendant's determination that it did not use Plaintiff's mark in commerce and crafting its argument through an understanding that "the likelihood of confusion analysis also involves a preliminary question: "whether the defendants are using the challenged mark in a way that identifies the source of their goods." *Interactive Prods.*, 326 F.3d at 695. If they are not, then the mark is being used in a "non-trademark' way" and trademark infringement laws, along with the eight-factor analysis, do not even apply." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 610 (6th Cir. 2009).

This Court does not find the determination that IBM's use of the mark "Accelerated

Analytics" was in a non-trademark way to be so clear. In *Taubman Co. v. Webfeats*, 319 F.3d 770, 776 (6th Cir. 2003), the Sixth Circuit held that even if defendant's use of plaintiff's mark was commercial there was no likelihood of confusion because "[defendant] had always maintained a disclaimer on the website, indicating that his was not the official website. In *Holiday Inns, Inc. v. 800 Reservation, Inc.*, 86 F.3d 619 (6th Cir.1996), we found the existence of a disclaimer very informative, and held that there was no likelihood of confusion, partly on that basis." There is no evidence that IBM had any sort of disclaimer disassociating Accelerated Analytics with its products, and Plaintiff has brought forth allegations leading to a plausible inference of liability on Defendant's part in using Plaintiff's trademark in commerce in a way likely to cause confusion.

While the Complaint is scarce in regard to facts supporting a likelihood of confusion, the Court will consider the following eight factors in its determination: "(1) strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing of channels used; (6) degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion in selecting the mark." *Audi AG v. D'Amato*, 469 F.3d 534, 542-43 (6th Cir. 2006). Whether or not there actually is a likelihood of confusion in this case will be developed, and consideration of this claim may be more appropriate in a Motion for Summary Judgment.

## II. False Designation of Origin

Under the Lanham Act, one is liable for false designation of origin when one,

> in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

7

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or....

15 U.S.C. § 1125(a)(1). The elements of this claim include "(1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998).

In order to show a substantial economic effect on interstate commerce, "the plaintiff must establish that the defendant's false designation hinders [plaintiff]'s ability to conduct its interstate business." *Lorillard Tobacco Co. v. Ahmad's Pizza, Inc.*, 866 F. Supp. 2d 872, 878 (N.D. Ohio 2012). While Plaintiff need not prove such adverse effects in its Complaint, there must be a reasonably plausible inference of liability drawn from the allegations set forth in the Complaint.

Plaintiff's Complaint states Plaintiff has used the mark "Accelerated Analytics" in interstate commerce since 2006. (ECF #1, ¶ 7). Plaintiff's Complaint states that Defendant IBM is a New York corporation licensed to transact business in Ohio, and it is common knowledge that IBM engages in interstate commerce. (ECF #1, ¶ 10). Plaintiff alleges that Defendant is using its mark in interstate commerce in Exhibits taken from the Internet, making it highly accessible to interstate commerce:

> "Because Internet communications transmit instantaneously on a worldwide basis there is little question that the 'in commerce' requirement would be met in a typical Internet message, be it trademark infringement or false advertising.".... The Supreme Court has held that the in commerce requirement should be construed liberally because the Lanham Act "confers broad jurisdictional powers upon the courts of the United States." Steele v. Bulova Watch Co., 344 U.S. 280, 283...(1952). Therefore the Court finds that use of the Internet is sufficient to meet the 'in commerce' requirement of the Act.

*Intermatic Inc. v. Toeppen*, 947 F. Supp. 1227, 1239-40 (N.D. Ill. 1996); *see also Savannah*

8

*College of Art and Design, Inc. v. Houeix*, 369 F. Supp. 2d 929, 942 (S.D. Ohio 2004). Plaintiff alleges Defendant's use of its mark "in connection with substantially similar services, offered in substantially similar channels of trade, and to the same purchasers of the services for which [Plaintiff uses its mark]." (ECF #1, ¶ 20). Plaintiff claims to suffer great and irreparable damage as a result of Defendant's use of its mark in interstate commerce. (ECF #1, ¶ 20).

Plaintiff alleges this use "is likely to cause confusion, mistake, or to deceive as to an affiliation, connection, or association...or as to the origin, sponsorship or approval of IBM's services by Accelerated Analytics among ordinary purchasers." (ECF #1, ¶ 20). As previously discussed in conjunction with Plaintiff's trademark infringement claim, the Complaint plausibly alleges a likelihood of confusion. The facts and allegations set forth by Plaintiff make it reasonably plausible that Plaintiff suffers an adverse effect in interstate commerce as a result of Defendant's use of its mark. That customers in the market for services offered by both Accelerated Analytics and IBM would recognize the mark "Accelerated Analytics" and be confused as to an affiliation, connection, or association between the Parties to Plaintiff's irreparable harm may plausibly be inferred from the allegations and Exhibits laid out in Plaintiff's Complaint. (ECF #1, #1-3, #1-4).

While Plaintiff has stated a claim for false designation of origin under 15 U.S.C. § 1125(a) minimally sufficient to survive a motion to dismiss, the claim may be subject to summary judgment depending on the state of the evidence at the close of discovery.

### III. Fair Use Affirmative Defense

While "the holder of a trademark *cannot* prevent others from using the word that forms the trademark in its *primary or descriptive sense*," as Defendant points out in its Motion to Dismiss (ECF #9), the Court declines to grant Defendant's motion based on its fair use affirmative defense.

*Herman Miller, Inc. V. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 319 (6th Cir. 2001). A fair use defense is evaluated by whether or not a defendant has used a mark "(1) in its descriptive sense; and (2) in good faith." *ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 920 (6th Cir. 2003). In refusing to dismiss Plaintiff's trademark infringement and false designation of origin claims, the Court has held that the allegations set forth in Plaintiff's Complaint allow a reasonably plausible inference that Defendant has used Plaintiff's mark in a trademark use. Additionally, there remains a question of whether or not Defendant's use is in good faith. Plaintiff's Complaint alleges that IBM is on notice of the infringement but has refused to cease its infringement. (ECF #1, ¶ 13).

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF #9) is DENIED. Defendant has thirty (30) days to file an Answer to Plaintiff's Complaint.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 18, 2015